[No. 6885.]

### KINDERMAN V. HERSCH.

1. ASSIGNMENT—*Of Executory Contract—Effect*—Contract by which, among other things, M. agrees to deliver to K. certain ewes and lambs, to be selected by K. out of certain designated flocks. K. endorses it "Pay to the order of H." Inasmuch as the contract is not

negotiable, the endorsement fixes no liability upon the assignor. The assignor merely engages that the contract is genuine; not that it will be performed by the promisor.

2. EVIDENCE—*Parol Admissible*—An executory agreement to deliver chattels is endorsed by the promisee with the words "Pay to the order of," a party named. Parol evidence as to what was in fact agreed at the time of this assignment is admissible.

3. APPEALS—*Harmless Error*—Where, in a cause tried by the court, the plaintiff shows no right, failure to make special findings on his request, is harmless, even if erroneous.

4. COSTS—*Unreasonably and Unnecessarily Incurred*, the court may refuse to tax; but the mere affidavit of the objecting party that witnesses subpoenaed but not called knew nothing of the case, is not sufficient to warrant the imputation of bad faith against the party taking out the subpoena.

Especially is this so where the subpoena was issued by order of the court, upon sworn application.

5. ——*Fees of Witnesses Regularly Subpoenaed but Not Called*, may be taxed against the defeated party unless he shows that the subpoena was issued in bad faith, for the purpose of oppression.

6. BILL OF EXCEPTIONS—*When Necessary*—Defendant subpoenaed witnesses from a distant county, pursuant to an order of the district court, obtained on sworn application. Defendant prevailed. The clerk taxed the fees of these witnesses against plaintiff, though they were not called. On affidavit that the subpoena was obtained *ex parte*, in violation of a stipulation, plaintiff moved the court to retax the costs and reject the fees of these witnesses. The motion was denied and this was assigned for error. Neither the order for the subpoena, nor the affidivit upon which it was obtained, were brought up. The court declined to assume that the order for the subpoena was obtained without notice.

*Error to Denver District Court.*—Hon. HUBERT L. SHATTUCK, Judge; Hon. HARRY C. RIDDLE, Judge.

Mr. WARWICK M. DOWNING, for plaintiff in error.

Mr. CHAS. A. JOHNSON, for defendant in error.

Mr. JUSTICE GABBERT delivered the opinion of the court:

Plaintiff in error brought suit against defendant in error to recover damages for the non-delivery of certain ewes and

lambs, which, according to the allegations of his complaint, he
had purchased from the defendant. In his complaint the plain-
tiff set out a bill of sale which recited, in substance, that one
Martinez had sold to the defendant a specified number of ewes
and lambs, to be selected from respective herds of about one
thousand each, and delivered on a date specified. It was
these ewes and lambs which plaintiff claimed to have pur-
chased from the defendant, and also that he had guaranteed
to deliver at the time mentioned in the bill of sale. In his an-
swer the defendant, so far as material to consider, averred
that the bill of sale set out in the complaint was, in fact, a lease
of sheep belonging to him; that they were not the property of
Martinez, but that the latter was to take possession of and
care for them for one year, and at the end of that period re-
turn the original number of ewes thus leased, and a lamb for
each ewe; that, for his remuneration, Martinez was to have
the wool clip from the ewes, and any lambs in excess of the
number of ewes; and that the transaction upon which plain-
tiff based his right of recovery consisted of an assignment of
this contract to him. The cause was tried to the court, and
judgment rendered for defendant.

At the trial it appeared that the contract in question was
delivered to Kinderman endorsed and signed by the defend-
ant: "Pay to the order of William Kinderman," and that
Martinez never delivered the ewes and lambs which it covered.
It also appeared from the testimony that at the time the bill of
sale was executed the lambs were not *in esse*. Plaintiff ad-
mitted that at the time he took the bill of sale endorsed as
above, he knew it was a sheep contract between Martinez and
defendant; that by this transfer he had not bought any par-
ticular ewes and lambs; that he bought the contract because
he thought "Mr. Hersch was good for it;" and that he knew
he was to select the sheep out of a large herd. Over the ob-
jection of plaintiff, the defendant was permitted to testify that
Kinderman asked him for a guarantee of delivery, which was
refused, and that the agreement between the parties was that

Kinderman should look exclusively to Martinez for the sheep.

Upon this record, counsel for plaintiff contends (1) that the relation between the defendant and Martinez was that of bailor and bailee, and that the situation was, in effect, the same as though the defendant had had the sheep in his corral at the time he transferred the bill of sale to the plaintiff; and (2) that the court erred in receiving the testimony of the defendant to the effect that by the transfer of the bill of sale, he did not sell the sheep, but merely assigned all his right, title and interest in that contract, and that by parol, it was agreed that he did not guarantee a delivery of the sheep called for by the contract. It is unnecessary to consider the first proposition, as the case turns upon a determination of the second.

This proposition is based upon the assumption that the written endorsement fixed the contract between the parties, and could not be varied by parol. The contention is not tenable. The contract or bill of sale executed by Martinez was in no sense negotiable paper, like a promissory note. When the defendant transferred it by the endorsement "Pay to the order of William Kinderman," he merely directed that Martinez should deliver to Kinderman the sheep which he had agreed to deliver him. But the terms of the endorsement did not fix any liability on the defendant, like an endorser of negotiable paper, for the obvious reason that the contract assigned was non-negotiable; consequently, it was entirely competent for the defendant to show by parol what liability he did assume when the contract was assigned and delivered. Such testimony did not violate the rule that a written contract cannot be varied by parol, because the endorsement, notwithstanding the language employed to evidence it, was nothing more than an assignment of a non-negotiable, executory contract whereby the defendant merely warranted that the contract was genuine, not that it would be performed by Martinez, or that he, the defendant, would deliver the sheep in the absence of an agreement to that effect.—*Galbraith v. Wallrich*, 45 Colo. 537.

At the conclusion of the trial, counsel for plaintiff requested the trial judge to make special findings of law and fact, which was refused. If it be conceded that the court should have complied with this request, the refusal constitutes error without prejudice. It is manifest, from the practically undisputed facts, that the defendant merely assigned to the plaintiff the Martinez contract, but he did not guarantee its performance, or that he would deliver the sheep, and hence, incurred no liability, because Martinez failed to comply with his agreement. The trial court was, therefore, clearly right in rendering the judgment it did.

After judgment, the plaintiff filed a motion to re-tax the costs. In support of this motion, an affidavit was filed, which recited, in substance, that the case under consideration and another were originally pending in the county court; that counsel for the respective parties were endeavoring to compromise these cases; that, in order to prevent costs, they agreed that neither party would subpoena witnesses from any county outside the city and county of Denver; that, notwithstanding this agreement, the defendant, without notice to plaintiff, procured an order from the district court in which the cause was pending that subpoenas might issue for three witnesses (naming them), residing in Archuleta County; that the subpoenas issued and were served; that the witnesses attended at the trial, but only one of them testified; and that neither of the others knew anything material to the issues in the case. The clerk had taxed as costs against plaintiff the fee and mileage of these witnesses, which, by the motion, on the facts stated in the affidavit, it was sought to have disallowed. The motion was denied, which counsel for plaintiff contends is erroneous, for the reason that the order for the subpoenas was obtained *ex parte,* and that in any event, the fees and mileage of the two witnesses not called should not have been taxed against the plaintiff. Neither the order for the issuance or the subpoenas nor the affidavits upon which it was based are before us. With the order absent, we cannot assume that it was

made without notice, if notice was necessary, merely upon an affidavit that it was obtained *ex parte*. The costs for witnesses regularly subpoenaed, though not called, may be taxed against a losing party unless the latter shows that they were not subpoenaed in good faith, but for the purposes of oppression. 11 Cyc. 115. A trial court undoubtedly possesses power to refuse to tax costs unreasonably incurred by the successful party, but the mere statement in an affidavit of the losing party that witnesses subpoenaed but not called knew nothing of the facts in the case, is not sufficient to impute bad faith on the part of the party subpoenaing them. This is especially true when the affidavit upon which the order for a subpoena was obtained is not before us.

The judgments of the district court, upon the merits, and denying the motion to re-tax costs, are affirmed.

*Judgments affirmed.*

CHIEF JUSTICE CAMPBELL and Mr. JUSTICE HILL concur.