**Janice Susan WONG and Arnold Wong, Jr., Plaintiffs,**

v.

**David SHARP, Defendant.**

**Civ. A. No. 89–A–269.**

United States District Court, D. Colorado.

March 28, 1990.

James H. Chalat, James H. Chalat, P.C., Denver, Colo., for plaintiffs.

Thomas E. Hames, Inman, Erickson & Flynn, Denver, Colo., for defendant.

## MEMORANDUM OPINION AND ORDER

ARRAJ, District Judge.

This Memorandum Opinion and Order will confirm and supplement the oral order announced by the Court on March 9, 1990, at the conclusion of the hearing on plaintiffs' Motion for New Trial and, in the Alternative, for Amendment of Judgment. The Court requested counsel to cooperate in the preparation of the amended judg-

ment; unfortunately, they could not reach an agreement. The Court will complete the task. ·

## BACKGROUND

The jury returned a special verdict on February 9, 1990, apportioning liability as follows:

| | |
|---|---|
| Plaintiff: | 20% |
| Defendant Sharp: | 20% |
| Non-party Defendant Club Med: | 60% |

The jury awarded damages as follows:

| | |
|---|---|
| Non-economic: | $30,000 |
| Economic: | 29,000 |
| Disfigurement: | 7,500 |
| TOTAL: | $66,500 |

Club Med settled prior to trial for $50,000, and plaintiffs' claims against it were dismissed.

## ISSUES

The motion for amendment of judgment presents two issues: (1) When comparing the apportioned liability of the parties for purposes of determining whether plaintiff is entitled to judgment, should the court combine the liability of a non-party defendant with that of the party defendant? and (2) What effect does pre-trial settlement between plaintiff and a defendant (who is later made a non-party defendant) have on the plaintiff's recovery?

## DISCUSSION

### 1. *Comparative Negligence*

C.R.S. § 13–21–111(3)

■ The comparative negligence statute, C.R.S. § 13–21–111(3), and the non-party negligence statute, C.R.S. § 13–21–111.5, should complement one another but, in this Court's opinion, they do not. The comparative negligence statute, enacted in 1971, provides:

Upon the making of the finding of fact or the return of a special verdict, as is required by subsection (2) of this section, the court shall reduce the amount of the verdict in proportion to the amount of negligence attributable to the person for whose injury, damage, or death recovery is made; but, if the said proportion is equal to or greater than the negligence of the person against whom recovery is sought, then, in such event, the court shall enter a judgment for the defendant.

C.R.S. § 13–21–111(3).

The key question raised by the wording of this statute is: Is a non-party defendant a "person against whom recovery is sought?" The plain words of the statute gives no guidance since non-party defendants were not "invented" in this state until 1986 and C.R.S. § 13–21–111(3) was not amended at that time. However, *Mountain Mobile Mix, Inc. v. Gifford,* 660 P.2d 883 (Colo.1983) does give guidance in that it interpreted C.R.S. § 13–21–111(1) which uses the phrase, "person against whom recovery is sought." The court held that where there are multiple defendants who proximately cause the injury, the degree of fault of each defendant will be combined and compared with the degree of fault of the plaintiff. *Id.* at 890. The court stated: "This approach [combined comparative negligence] does not base plaintiff's recovery on the fortuitous circumstance of how many defendants combine to cause injury. Instead, financial responsibility for an injury is divided according to fault as long as the plaintiff is less than 50% negligent." *Id.* at 888. Though *Mountain Mobile Mix* was decided before the non-party negligence statute was enacted, I find that it is relevant in cases involving settling non-party defendants.

In the case at bar, Club Med was originally a party defendant and a "person against whom recovery is sought." The application of C.R.S. § 13–21–111 should be broad enough to include settling nonparties. Plaintiff should not be penalized for settling with some defendants, nor should a non-settling defendant receive a windfall. To deny recovery to plaintiff under these circumstances would seriously discourage settlements.

### C.R.S. § 13–21–111.5

The non-party negligence statute, C.R.S. § 13–21–111.5, was enacted in 1986. It does not provide any answers to our questions; however, the Notes on Use for Colo-

rado Jury Instruction 9:34A, which is based on the statute, are very helpful and persuasive. "The negligence of multiple defendants or designated nonparties is to be combined and compared with the negligence of the plaintiff. Damages are recoverable by the plaintiff from the defendants found liable unless the negligence attributable to the plaintiff is 50% or greater." C.J.I. 3d 9:34A, Notes on Use. The Notes cite *Mountain Mobile Mix* as authority.

This interpretation of the statute would require that we combine the negligence attributable to defendant, Sharp with the negligence attributable to nonparty defendant, Club Med. The result would be that plaintiff would be able to recover 20% against Sharp.

### 2. *Effect of Settlement*

■ The relevant statute is C.R.S. § 13–50.5–105(1)(a) which provides in pertinent part as follows:

> When a release or covenant not to sue or not to enforce judgment is given in good faith to one of two or more persons liable in tort for the same injury ... it does not discharge any of the other tortfeasors from liability for their several pro rata shares of liability for the injury ... unless its terms so provide; but it reduces the aggregate claim against the others to the extent of any degree or percentage of fault or negligence attributable by the finder of fact ... to the tortfeasor to whom the release or covenant is given ...

The statute became effective on July 1, 1986. Its plain language dictates the deduction of the pro rata share of liability of the settling party, Club Med, and not the dollar amount of settlement.

This "Settlement Bar Statute" determines the amount of setoff by proportionate fault. *Alvarado Partners, L.P. v. Mehta*, 723 F.Supp. 540, 554 (D.Colo.1989). The statute changed the way settlements are applied against judgments. The new law requires that the judgment be reduced by the percentage of fault attributed to any parties who have settled with the plaintiff. Benson, *New Role for Nonparties in Tort Actions—The Empty Chair*, 15 Colorado Lawyer 1650 (1986).

Of the two cases cited by counsel, *McKown–Katy v. Rego Co.*, 776 P.2d 1130 (Colo.App.1989) and *United States Fidelity & Guaranty Co. v. Salida Gas Service Co.*, No. 88 CA 1289, —— P.2d —— (Colo. App. December 21, 1989) only *McKown–Katy* discusses this statute and even then, the court applies the statute's predecessor.

The *Salida Gas* case applied an earlier version of the statute which was completely different than the present statute. Counsel for defendant should have realized this and brought it to the court's attention.

The *McKown–Katy* court held that since the cause of action was commenced prior to July 1, 1986 (the effective date of the amendment), and since the court held that the statute was not retroactive, the trial court's deduction of the settlement *amount*, as opposed to the proportionate share, was correct. *Id.* at 1135.

### CONCLUSION

The motion to amend the judgment will be granted and the judgment amended to reflect the following: (1) the percentage liability apportioned to the non-party defendant, Club Med, should be figured in with the liability apportioned to the defendant, Sharp, and their combined negligence compared with the negligence apportioned to plaintiff. The result will be a judgment in favor of plaintiff and against Sharp for 20% of the verdict. (2) The settlement *amount* of $50,000 is irrelevant. The verdict should be reduced by 80% (60% for Club Med's apportioned liability and 20% for plaintiff's) leaving plaintiff with a judgment against Sharp for 20% of the total verdict amount, or $13,300.00.

Accordingly, it is therefore

ORDERED that the Clerk prepare and issue an amended judgment in conformance with this Memorandum Opinion and Order.