Robert F. THOMPSON, Jr. and Joyce M. Thompson, Plaintiffs–Appellants,

v.

**COLORADO AND EASTERN RAILROAD COMPANY,** Defendant–Appellee.

No. 92CA0649.

Colorado Court of Appeals, Div. III.

March 25, 1993.

Rehearing Denied April 22, 1993.

James G. Felt, P.C., Charles T. Houghton, Colorado Springs, for plaintiffs-appellants.

Orville A. Kenelly, Colorado Springs, for defendant-appellee.

Opinion by Chief Judge STERNBERG.

■ The determinative issue in this appeal is whether a trial court may consider the negligence of, and apportion liability to, nonparties when such nonparties have not been designated by the defendant pursuant to § 13–21–111.5, C.R.S. (1987 Repl.Vol. 6A). Because we conclude that such apportionment is not proper, we reverse that portion of the judgment of the trial court in which it ascertained the damages to be awarded by considering the role of non-designated nonparties.

Plaintiffs, Robert F. Thompson, Jr., and Joyce M. Thompson, brought suit, alleging that relocation of tracks by the defendant, the Colorado & Eastern Railroad Company, altered the natural drainage of the property adjacent to their home, causing flooding of their yard and basement.

A bench trial resulted in a judgment in the Thompsons' favor. The court found the Thompsons to be 10% negligent and the Railroad 20% negligent. It also found an "unnamed and undeclared" developer 55% negligent and the City of Colorado Springs, a drainage engineer, and another developer each to be 5% negligent. The court concluded that the Thompson's damages totaled $18,450, but, based upon this apportionment of liability, awarded them only $3,690. This appeal followed.

In apportioning negligence, the court relied on § 13–21–111(2)(b), C.R.S. (1987 Repl. Vol. 6A), viewing that statute as requiring it to apportion all causal negligence, even to nonparties. The Thompsons, on the other hand, contended that, as the Railroad did not designate any nonparties pursuant to § 13–21–111.5, the court erred in apportioning liability to nonparties. We agree with the Thompsons.

Section 13–21–111(2)(b) sets forth Colorado's comparative negligence rule. That rule provides that a court must enter judgment for a defendant if a plaintiff's negligence is equal to or greater than that of the defendant. We view that statute as directing that, in a comparative negligence case, the finder of fact must state the degree of negligence of each party, expressed as a percentage, in order for the court to determine if it must enter judgment for the defendant. By its language, this section applies only to parties to the suit, and thus, we do not view it as requiring allocation of negligence to nonparties not properly designated.

Section 13–21–111.5 provides that no defendant shall be liable for an amount greater than the amount represented by the percentage of fault attributable to it. The finder of fact is required to return a special verdict or, if a bench trial, special findings, determining the percentage of negligence or fault attributable to each of the parties and any persons not parties who have been designated by the defendant as wholly or partially at fault. Section 13–21–111.5(2), C.R.S. (1987 Repl.Vol. 6A).

To designate a potentially liable nonparty, a defendant must file a pleading setting forth the nonparty's name and last known address, or the best identification of such party that is possible under the circumstances, together with a brief statement of the basis for believing such party is at fault. The pleading must be filed within ninety days following commencement of the action, or longer if the court so provides. Section 13–21–111.5(3)(b), C.R.S. (1987 Repl.Vol. 6A). The plaintiff may respond to the designation by amending its complaint to add the designated party as a defendant or taking whatever steps it deems appropriate. *See generally* Stiegelmeier, *Designation of Immune, Nonliable & Unknown Nonparties,* 22 Colo. Law 31 (January 1993).

The designation requirement has been strictly construed. Designations have been stricken when the court concluded that the identifications given were not the best possible under the circumstances. *Federal Deposit Insurance Corp. v. Isham,* 782 F.Supp. 524 (D.Colo.1992). A designation was upheld even though the designated party was immune from liability. *In re Air Crash Disaster at Stapleton,* 720 F.Supp. 1465 (D.Colo.1989).

Requiring such strict compliance with the statute avoids a situation in which a named defendant reduces its liability by blaming a nonparty but a plaintiff does not

have the chance to recoup that percentage of fault from the nonparty. *Bartlett v. New Mexico Welding Supply*, 98 N.M. 152, 646 P.2d 579 (App.1982); Stiegelmeier, *supra.*

We hold that a court may not allow the finder of fact to consider the negligence or fault of a nonparty unless such issue has properly been raised by the defendant in a pleading which complies with the requirements of § 13–21–111.5(3), C.R.S. (1987 Repl.Vol. 6A). To conclude otherwise would defeat the express legislative intent of the statute. *Civil Service Commission v. Pinder*, 812 P.2d 645 (Colo.1991).

Nevertheless, relying on the general rule embodied in C.R.C.P. 15(b) that an issue not properly pled may nonetheless be considered by implied consent if evidence concerning it is introduced at trial without objection, the Railroad argues that the court had the discretion to consider such evidence raised at trial as though the issue had been properly pled.

██ We recognize that the Railroad may urge an alternate theory in support of the judgment which was not addressed by the trial court. *Farmers Group, Inc. v. Williams*, 805 P.2d 419 (Colo.1991). However, the Railroad has not provided a transcript of the trial that would enable us to determine whether the designation requirement was waived. Further, if, as here, the trial court does not address the alternate theory in its findings, we conclude that the obligation to provide the appropriate record is on the Railroad. Thus, we do not determine here whether the implied consent doctrine would constitute an exception to our holding.

Accordingly, the trial court erred when, in the absence of a proper pleading by the Railroad, it considered such evidence of non-designated nonparties, apportioned negligence to such nonparties, and reduced the amount of the judgment against the Railroad.

That portion of the judgment apportioning negligence to non-designated nonparties is reversed, and the cause is remanded with directions to apportion all negligence to the defendant, minus that charged to the plaintiffs, and recalculate the award of damages accordingly, including interest assessed pursuant to statute.

CRISWELL and NEY, JJ., concur.