**Charles SMITH and Michael Smith,
Defendants–Appellants,**

v.

**Ronald ZUFELT and Katherine Zufelt, as parents and next friends of Kory Zufelt, and Troy Zufelt, Plaintiffs–Appellees.**

**No. 91CA1061.**

Colorado Court of Appeals,
Div. II.

Sept. 24, 1992.

As Modified on Denial of Rehearing
Nov. 27, 1992.

Certiorari Granted July 26, 1993.

Shand, McLachlan, Newbold & Spear, P.C., Michael E. McLachlan, Durango, for defendants-appellants.

Dawes and Crane, P.C., Robert C. Dawes, Alex C. Tejada, Gail C. Harriss, Durango, for plaintiffs-appellees.

Opinion by Judge TURSI.

Defendants, Charles and Michael Smith, appeal from a judgment entered upon jury verdicts in favor of plaintiffs, Kory Zufelt and his parents and next friends, Ronald and Katherine Zufelt. We affirm in part, reverse in part, and remand for further proceedings.

This appeal arises from injuries sustained by plaintiff Kory Zufelt in a hunting accident which occurred on January 16, 1988. The following facts are not in dispute.

Ellis and Maude Smith agreed to watch 8–year–old Kory and 12–year–old Troy Zufelt for the day at their rural home while the senior Zufelts were at work. Because Maude Smith and Katherine Zufelt had agreed that the boys could hunt on the Smith property, the boys arrived at the Smith residence with their guns.

Maude was aware that the boys had previously hunted without adult supervision, and the Zufelts testified that their boys had done so with their consent. Neither Maude nor Katherine recalled discussing whether

adults would supervise the boys while hunting at the Smith property, but Katherine did not request adults to accompany the boys, and Maude assumed that the Zufelts consented to their unsupervised hunting.

During the day that the Zufelt boys were at the Smiths', their son, daughter-in-law, and grandson arrived at the house for a visit. Although the grandson, 12–year–old Michael Smith, had never hunted without adult supervision, his father, Charles, gave Michael permission to hunt with the Zufelt boys unattended.

Michael used a gun and ammunition supplied by Ellis Smith, and during their hunting activities, Kory sustained a gunshot wound when Michael's rifle accidentally discharged.

Thereafter, this negligence action was initiated against Michael Smith, Charles and Hazel Smith, and Ellis and Maude Smith. Kory Zufelt sought to recover damages for the serious bodily injury he had suffered, while his parents asserted a separate claim for past and future medical expenses incurred by Kory to the age of majority.

Plaintiffs' claims against Maude and Ellis Smith were dismissed with prejudice before trial when, in a settlement agreement with all plaintiffs, these defendants jointly agreed to pay the sum of $88,629.24. The net settlement proceeds were allocated in the agreement to different parties, including $50,000 to Kory, $2,500 to the Zufelt family, and $7,000 to Troy. Additionally, the sum of $29,129.24 was paid to plaintiffs' attorneys for fees and costs.

Subsequently, pursuant to § 13–21–111.-5(3)(b), C.R.S. (1992 Cum.Supp.), defendants designated Maude and Ellis Smith as statutory non-parties having fault. Upon trial against the remaining defendants, the jury returned two verdicts in favor of plaintiffs. In each verdict, the jury apportioned negligence for plaintiffs' injuries by allocating 84% fault to Charles Smith, 1% to Michael Smith, 0% to Hazel Smith, 15% to Maude Smith, and 0% to Ellis Smith.

The total award in favor of Kory amounted to $105,000, while Ronald and Katherine Zufelt received the total sum of $25,000. However, the trial court reduced the awards by 15%, the amount of liability apportioned by the jury to Maude Smith. Hence, defendants were ordered to pay plaintiffs $110,500, or 85% of the combined jury awards, their pro-rata share of liability.

I.

■ Defendants contend that the trial court erroneously denied their motion to offset the amount of the settlement proceeds against the damages awarded to plaintiffs. Plaintiffs respond that inasmuch as the damages awards were reduced by the percentage of Maude Smith's liability, pursuant to § 13–50.5–105, C.R.S. (1987 Repl.Vol. 6A), the trial court correctly refused to offset their settlement proceeds by application of the collateral source rule. We agree that a set-off is required.

Plaintiffs have not requested that we treat the settling parties separately, even though they were not jointly assessed by the jury as non-parties having fault. Under the record presented to us, we choose not to treat the settling parties separately.

Under these circumstances, certain settlement proceeds received by Kory Zufelt from the non-parties are collateral to the amount to which he is entitled to be made whole. Accordingly, under the existing statutory framework, we agree that these collateral funds must be set-off from the amount to which this plaintiff is entitled from defendants.

The statutory collateral source rule provides that the trial court must reduce the amount of damages awarded in a verdict for sustained personal injuries by the amount by which the injured person has been indemnified or compensated for his loss by any other person. Section 13–21–111.6, C.R.S. (1987 Repl.Vol. 6A).

■ Hence, indemnity or compensation received from settlement proceeds must be deducted from the jury's award when the settling defendant is designated as a non-party with fault but is found by the fact-

finder not to have any fault for the injury sustained. *Gutierrez v. Bussey*, 837 P.2d 272 (Colo.App.1992); *see United States Fidelity & Guaranty Co. v. Salida Gas Service Co.*, 793 P.2d 602 (Colo.App.1989).

■ Under the Uniform Contribution Among Tortfeasors Act, however, the trial court is required to reduce the aggregate claim against non-settling defendants to the extent of any percentage of fault or negligence attributable by the finder of fact to the non-party. Section 13–50.5–105, C.R.S. (1987 Repl.Vol. 6A). Consequently, when a settling designated non-party is found by the fact-finder to possess a percentage of fault for the injury, this pro-rata rule applies to reduce the verdict by the percentage of fault attributed thereto. *Gutierrez v. Bussey, supra; see Herrera v. Gene's Towing*, 827 P.2d 619 (Colo.App. 1992); *Wong v. Sharp*, 734 F.Supp. 943 (D.Colo.1990).

■ In this case, we conclude initially that the settlement proceeds which the parties apportioned as payment of attorney fees and costs may not be used to offset the jury awards as a collateral source. In our view, these proceeds were not actually collected by plaintiffs for their losses and, therefore, do not constitute indemnification or compensation for the loss of the injured party, as contemplated in § 13–21–111.6. *Cf. County Workers Compensation Pool v. Davis*, 817 P.2d 521 (Colo.1991).

Nevertheless, the non-parties at fault have jointly allocated settlement proceeds to a plaintiff which exceed the percentage of fault for which they have been found liable. When this settlement distribution is added to the amount representing the percentage of fault for which the non-settling defendants are liable, Kory has received a sum which is cognizable under the collateral source rule. Under these circumstances, we conclude that the trial court must reduce the damages awarded by jury verdict by application of both statutes.

■ We must reconcile the purpose and function of each statute to give effect to each, *Cooley v. Big Horn Harvestore Systems, Inc.*, 813 P.2d 736 (Colo.1991), and we

must also presume that the General Assembly intended a just and reasonable result when enacting them. Section 2–4–201(1)(c), C.R.S. (1980 Repl.Vol. 1B).

Therefore, when determining whether defendants are entitled to set off settlement monies from non-parties at fault as a collateral source, we must reconcile these statutes to effectuate the General Assembly's intent to limit a tortfeasor's liability to his percentage of fault, §§ 13–21–111.5, C.R.S. (1990 Cum.Supp.) and 13–50.5–105, and to prevent injured parties from receiving a double recovery. *See United States Fidelity & Guaranty Co. v. Salida Gas Service Co., supra.*

■ We conclude that when the jury designates fault attributable to the settling non-parties, the trial court is required by § 13–50.5–105 to reduce the award of damages by an amount equivalent to the percentage of fault assessed.

■ When the injured party receives a settlement amount from the non-parties which is less than the percentage of total damages chargeable to them, the trial court achieves this result by subsuming the apportioned settlement proceeds into the percentage of causation assessed against the non-parties. Under these circumstances, the collateral source rule does not apply to reduce the jury award any further. *Herrera v. Gene's Towing, supra.*

■ On the other hand, when the amount of settlement proceeds contributed by the non-parties to the injured party exceeds the percentage of total damages chargeable to them, the trial court must determine the amount actually indemnified or compensated from the collateral amount and reduce the jury verdict award accordingly. This equation permits plaintiffs to recover the full amount of their damages while defendants remain liable for their pro-rata share of fault. *See Gutierrez v. Bussey, supra;* § 13–21–111.5.

In this case, the jury verdict awarded Kory Zufelt $105,000 in total damages and assessed 15% fault against the non-party defendants, reducing the verdict by $15,-750. Accordingly, defendants are liable for

payment of the remaining 85% of the verdict, or $89,250.

However, because plaintiff received $50,000 from the non-party defendants in settlement, he is in receipt of an additional $34,250, the difference between the non-party defendants' settlement amount of $50,000 and the amount of $15,750. This amount constitutes a collateral payment to which defendants are entitled as an offset, and the trial court must reduce the judgment entered on the verdict from $105,000 by $50,000 to $55,000 chargeable to these defendants. Hence, as a general rule, when the settlement amount actually received by the plaintiff exceeds the percentage of fault assigned to the settling non-party, the total settlement is deducted from the total verdict.

Therefore, we conclude that the trial court erred by not reducing the verdict for Kory Zufelt accordingly.

## II.

Defendants also contend that the trial court erroneously refused to instruct the jury to consider Ronald and Katherine Zufelt's comparative negligence, based on theories of negligent entrustment and negligent supervision, when apportioning liability. We disagree.

 Since it is undisputed that the cause of the injury was the accidental discharge of Michael Smith's rifle, there is no factual basis to support the theory that the rifles entrusted to Kory and Troy Zufelt caused plaintiffs' damages. In the absence of such a showing, the trial court correctly ruled as a matter of law that the conduct of the senior Zufelts cannot be challenged on the basis of negligent entrustment. *See Smith v. State Compensation Insurance Fund*, 749 P.2d 462 (Colo.App.1987); *cf. Hilberg v. F.W. Woolworth Co.*, 761 P.2d 236 (Colo.App.1988) (negligent entrustment claim viable against parents of the child *who caused the injury*.)

We likewise conclude that the trial court correctly rejected defendants' tendered jury instructions regarding the comparative negligence of the senior Zufelts based on negligent supervision.

 A parent possesses the duty to prevent a third person from harming his child, and therefore, he or she may be liable for active misconduct working positive injury to the child or for a failure to take steps to protect the child from harm. *University of Denver v. Whitlock*, 744 P.2d 54 (Colo. 1987); Restatement (Second) of Torts §§ 314 and 316 (1965).

However, a duty is not established unless the negligence caused the plaintiff's injury. *Aurora v. Loveless*, 639 P.2d 1061 (Colo. 1981). The defendants in this case failed to establish that the harm would not have occurred in a natural and continued sequence, unbroken by any intervening cause, but for the alleged negligent supervision of the senior Zufelts.

The undisputed facts establish that the Zufelts did not know of the potential risk caused by an unforeseeable third party and that the injury was caused solely by the accidental discharge of the third party's rifle. Under these circumstances, the trial court correctly concluded that, as a matter of law, the Zufelts' alleged negligence did not cause the injury. *See Smith v. State Compensation Insurance Fund, supra.*

The judgment is affirmed in all respects except as to the court's ruling on a set-off for the damages awarded to plaintiff Kory Zufelt. As to this issue, the cause is remanded to the trial court for entry of its order consistent with the views expressed herein. The trial court shall then assess interest on the amount of the amended judgment, pursuant to § 13–21–101(1), C.R.S. (1987 Repl.Vol. 6A).

PLANK and NEY, JJ., concur.