Randy **PAINTER, Plaintiff–Appellant,**

v.

**INLAND/RIGGLE OIL CO. f/d/b/a Riggle Oil Co., a Colorado Corporation, Defendant–Appellee.**

**No. 94CA0136.**

Court of Appeals of Colorado, Div. II.

Aug. 10, 1995.

Rehearing Denied Sept. 14, 1995.

Certiorari Granted Feb. 26, 1996.

Cherner and Blackman, Barbara S. Blackman, Denver, for plaintiff-appellant.

Campbell, Latiolais & Ruebel, P.C., Colin C. Campbell, Denver, for defendant-appellee.

Opinion by Judge JONES.

In this negligence action, plaintiff, Randy Painter, appeals the judgment awarding him no damages against defendant, Inland/Riggle Oil Company, entered on a jury verdict allocating percentages of fault to plaintiff, defendant, and a designated nonparty. We vacate the judgment, reverse the order of costs, and remand with directions.

Painter initiated this action against Inland/Riggle for damages he sustained as a result of a fall from an above-ground fuel

storage tank which was supplied by Inland/Riggle to Painter's employer Westran, Inc. Because of the immunity provisions of the Worker's Compensation Act, Painter was precluded from joining Westran in this suit as a defendant. However, pursuant to § 13–21–111.5(3)(b), C.R.S. (1994 Cum.Supp.), Inland/Riggle designated Westran as a responsible nonparty in the civil action.

At the conclusion of the trial, the jury returned a verdict finding Painter 35% at fault, Inland/Riggle 5% at fault, Westran 60% at fault, and setting damages at $627,150. Under its interpretation of § 13–21–111(3), C.R.S. (1987 Repl.Vol. 6A), the trial court entered a judgment in favor of Inland/Riggle because the jury had found Painter more at fault than Inland/Riggle.

Painter contends that the trial court erred when it applied the comparative negligence statute and determined that, because Painter's negligence exceeded Inland/Riggle's negligence, Painter was precluded from collecting damages for Inland/Riggle's pro rata share of liability. Painter argues that, when applying § 13–21–111, C.R.S. (1987 Repl.Vol. 6A), the trial court should have compared his negligence to the combined negligence of Inland/Riggle and nonparty Westran. Under such a comparison, Painter asserts that his negligence was not as great as the combined negligence of those two "persons" and did not equal or exceed 50% of the total negligence. Therefore, he urges, he is entitled to recover from Inland/Riggle 5% of the total damages found by the jury. We agree with Painter.

■ The basic rules of statutory construction guide our resolution of this case. When construing a statute, the goal of a court is to ascertain and give effect to the General Assembly's intent. In order to ascertain the legislative intent, courts must first look to the statutory language itself. *Griffin v. S.W. Devanney & Co.*, 775 P.2d 555 (Colo.1989).

■ When statutory language is clear and unambiguous, there is no need to resort to interpretive rules of statutory construction. *City of Thornton v. Replogle*, 888 P.2d 782 (Colo.1995). However, if the language is ambiguous or unclear, courts may resort to the legislative history to interpret the statutory language. *People v. Terry*, 791 P.2d 374 (Colo.1990). Furthermore, when enacting legislation, the General Assembly is presumed to have full knowledge of existing decisional and statutory law. *Federico v. Brannan Sand & Gravel Co.*, 788 P.2d 1268 (Colo.1990).

Section 13–21–111(1), C.R.S. (1987 Repl. Vol. 6A) provides that "contributory negligence shall not bar recovery in any action by any person or his legal representative to recover damages for negligence resulting in death or injury to the person or property, if such negligence was not as great as the negligence of the *person against whom recovery is sought*...." (emphasis added). Furthermore, § 13–21–111(3) provides that "the court shall reduce the amount of the verdict in proportion to the amount of negligence attributable to the person for whose injury, damage, or death recovery is made; but, if the said proportion is equal to or greater than the negligence of the person against whom recovery is sought, then, in such event, the court shall enter a judgment for the *defendant.*" (emphasis added).

Our supreme court has held that, when applying the comparative negligence statute to cases in which there are multiple defendants who cause injury, the degree of fault of each defendant must be combined and collectively compared with the degree of fault of the plaintiff in determining whether the plaintiff is entitled to recover any portion of his or her damages. *Mountain Mobile Mix, Inc. v. Gifford*, 660 P.2d 883 (Colo.1983).

Defendant Inland/Riggle argues that, when determining whether a plaintiff has a right to recover against negligent defendants under § 13–21–111, the court must compare the percentage of fault attributed to the plaintiff with the combined percentage of fault attributed to all defendants, but excluding any percentage of fault attributed to designated non-parties. Inland/Riggle urges that, since Painter's percentage of fault was greater than the combined percentage of fault attributed to all defendants, Painter cannot recover any damages and the court properly entered judgment for the defen-

dant. We disagree with this interpretation of the statute.

■ Viewing the comparative negligence statute as a whole and paying particular attention to the terms the General Assembly used, we conclude that, when determining whether a negligent plaintiff is entitled to recover damages against a negligent defendant, any designated nonparty under § 13–21–111.5 to whom partial fault has been attributed must be considered as a "person against whom recovery is sought."

When the General Assembly enacted the comparative negligence statute its purpose was to ameliorate the harshness of the common law rule of contributory negligence as a complete bar to any recovery and to apportion damages more equitably among those who caused the losses. *Mountain Mobile Mix, Inc. v. Gifford, supra.* The result was a more equitable division between the plaintiff and the defendants for bearing the burden of the losses.

Later, the General Assembly enacted § 13–21–111.5 which abolished the common law rule of joint and several liability and created pro rata liability among the various defendants. The result established a more equitable apportionment amongst defendants for bearing the burden of the losses.

■ Hence, the purpose of the statutory scheme established by the comparative negligence and pro rata liability concepts is to assure that no party shall be responsible for more than its share of the losses but that each shall account for its share. So, when interpreting the comparative negligence statute, we must keep in mind that its goal is to promote the recovery of damages by plaintiffs from all defendants who are found liable, only in direct proportion to each defendants' liability. *See Niemet v. General Electric Co.,* 843 P.2d 87, 90 (Colo.App.1992) ("The statutory language does not evince an intent on the part of the General Assembly to allow individual defendants ... adjudged as negligent to escape accountability for their negligence based on circumstances concerning any other negligent 'person,' whether or not that 'person' is a party. ... [R]ather, [the intent] is to limit the amount of damages for which each such party must account."), *aff'd,* 866 P.2d 1361 (Colo.1994).

Section 13–21–111(1) allows a plaintiff to recover if his or her negligence was not as great as the negligence of the "person against whom recovery is sought." On the other hand, § 13–21–111(3) requires a court to reduce the amount of the verdict in proportion to the amount of negligence attributed to the plaintiff, but if the plaintiff's proportion of negligence is equal to or greater than the negligence of the person against whom recovery is sought, then the court shall enter a judgment for the "defendant." By using both the concept of "person against whom recovery is sought" and "defendant" within the same statutory section, the General Assembly has indicated that the former phrase is broader and more encompassing than the specific term "defendant." Otherwise, there would have been no logical reason to use differing terms.

This conclusion is supported by *Thompson v. Colorado & Eastern R.R. Co.,* 852 P.2d 1328 (Colo.App.1993), in which a division of this court implicitly ruled that a nonparty cannot be assigned a percentage of fault as a person against whom recovery is sought unless the nonparty was properly designated in accordance with the predecessor to § 13–21–111.5(3)(b), C.R.S. (1987 Repl.Vol. 6A). Therefore, when comparing a plaintiff's negligence with those persons against whom recovery is sought in order to determine whether the plaintiff is entitled to a portion of his damages, we conclude that the General Assembly intended for designated nonparties under § 13–21–111.5(3)(b) to be included within the group described as "person[s] against whom recovery is sought." *See Niemet v. General Electric Co., supra.*

This interpretation of the comparative negligence statute furthers the purpose of the General Assembly in enacting the statute because it more accurately apportions liability for damages in accordance with fault attributed to those causing the injuries. Likewise, it avoids the unfair result of a defendant, who is less at fault than the plaintiff, escaping liability for the damages such defendant caused just because a designated nonparty tortfeasor is found to be most at

fault. *See Wong v. Sharp,* 734 F.Supp. 943 (D.Colo.1990) (defendant who was equally at fault as plaintiff, but both less than 50%, cannot escape its pro rata share of liability under the comparative negligence statute when a nonparty tortfeasor, who was a defendant prior to settlement, is found to be most at fault).

We note further that, in accordance with *CJI–Civ.2d* 9:34A (1988), the trial court, *inter alia,* instructed the jury that:

> If you find that the plaintiff, Randy Lee Painter, the Defendant and one or more of the designated nonparties were negligent and that the negligence of the Defendant *or the combined negligence of the Defendant and the designated nonparties* was greater than the negligence of the Plaintiff, then the Plaintiff will be allowed to recover as against the Defendant.... (emphasis added).

Thus, in entering judgment as it did here, the trial court departed from the legal basis upon which the jury appropriately rendered its verdict.

Furthermore, it is plainly the interpretation of the drafters of and commentators to the Colorado Civil Jury Instructions that the result we reach here be applied in cases involving negligence on the part of plaintiffs, defendants, and designated nonparties. In *CJI–Civ.2d* 9:34A (1988) (Notes on Use), the commentators have said:

> The negligence of multiple defendants or designated nonparties is to be combined and compared with the negligence of the plaintiff.

Then, quoting § 13–21–111.5(1), the commentators proceed to point out that:

> '[N]o defendant shall be liable for an amount greater than that represented by the degree or percentage of the negligence ... attributable to such defendant that produced the claimed injury ...' *whether*

*such negligence was greater or lesser, on an individual comparative basis, than the plaintiff's, another defendant's, or that of a designated nonparty.* (emphasis added).

In our view, these comments to the pattern instruction applicable here reflect a correct interpretation of the intent of the General Assembly when § 13–21–111(3) and 13–21–111.5 must be applied together to determine the amount of damages to award in situations in which the plaintiff's negligence does not equal or exceed 50% of the total damages. *See Wong v. Sharp, supra.*

Therefore, we conclude that the trial court erred in ordering judgment in favor of Inland/Riggle. The court should have combined the percentage of fault attributed to Inland/Riggle and nonparty Westran when determining whether Painter was entitled to recover his damages under § 13–21–111(1). Since the jury found plaintiff Painter 35% at fault, defendant Inland/Riggle 5% at fault, and nonparty Westran 60% at fault, Painter was entitled to damages, and the trial court should have entered judgment in his favor against defendant Inland/Riggle for 5% of the damages found by the jury, or $31,357.50.

Accordingly, the judgment of the trial court is vacated, the order as to costs is reversed, and the cause is remanded to the trial court with directions to enter judgment in favor of the plaintiff pursuant to the jury verdict and to reconsider all issues as to costs.

CRISWELL and CASEBOLT, JJ., concur.