579 P.2d 1184 (1978)
LANDMARK UNIVERSAL, INC., a Colorado Corporation, Plaintiff-Appellant,
v.
PITKIN COUNTY BOARD OF ADJUSTMENT, Defendant-Appellee.
No. 77-298.
Colorado Court of Appeals, Division I.
March 9, 1978.
As Modified On Denial of Rehearing April 6, 1978.
Certiorari Denied June 19, 1978.
Nicholas W. Goluba, Jr., Glenwood Springs, for plaintiff-appellant.
Sandra M. Stuller, Aspen, for defendant-appellee.
COYTE, Judge.
From a district court judgment affirming the Pitkin County Board of Adjustment's ruling denying plaintiff, Landmark, Inc., a variance from certain zoning requirements pertaining to the required depth of front and back yards, plaintiff appeals. We reverse.
The parties stipulated that plaintiff owned 9 lots in Holland Heights, Basalt Subdivision, which was zoned for residential uses and which final plat was approved by the Board of County Commissioners on March 27, 1972; that on July 2, 1973, the Board of County Commissioners passed an ordinance establishing that the front yard of any house must have a minimum depth of 200 feet and a rear yard set back of at least 20 feet; that each of plaintiff's lots has a depth of 220 feet, 200 feet of which is consumed by the minimum front yard requirement and 20 feet of which is consumed by the minimum rear yard set back requirement.
Plaintiff did not own the lots at the time of the passage of the Pitkin County ordinance but acquired them on August 19, 1974, and made application for the variance on February 27, 1976. The Board of Adjustment denied the application based on the fact that plaintiff had shown only self-induced hardship.
*1185 The Pitkin County Land Use Code provides in effect that where a physical characteristic such as the size, shape, or topography of a piece of property which existed at the time of the enactment of the zoning regulation and which was not created by the applicant subsequent to the adoption of the regulation would result in undue hardship upon the owner of such property, the Board has the authority, upon appeal, to authorize a variance, provided relief may be granted without substantial detriment to the public good.
The trial court, in sustaining the order of the Board of Adjustment denying the application, ruled that since the plaintiff had bought the property subsequent to the zoning ordinance and with knowledge of the zoning, any hardship on the plaintiff was self-imposed, and that thus it was not entitled to relief. We disagree.
The Board of Adjustment relies primarily on Levy v. Board of Adjustment, 149 Colo. 493, 369 P.2d 991, where a variance was denied on the ground of self-inflicted hardship. However, in Levy part of the property was sold; then a variance was requested on the remaining segment, which segment no longer met the requirements of the zoning ordinance. The partitioner of the property in Levy had no basis for requesting a variance; thus, any hardship resulting from Levy's purchase with knowledge of the zoning was truly self-inflicted.
Such is not the case here. At the time the zoning ordinance was passed, the property, in effect, was zoned out of existence. A zoning ordinance is unconstitutional as applied to a property owner, if the owner can show that the zoning ordinance precludes the use of his property for any reasonable purpose. Baum v. Denver, 147 Colo. 104, 363 P.2d 688. Here, any use of the property is precluded by the set back provisions of the pertinent zoning ordinance. The trial court held that the owner of the lots at the time of the passage of the ordinance would have been entitled to a variance. We agree. If a prior owner would have been entitled to a variance at the time the zoning ordinance was passed, that right is not lost to a purchaser simply because he bought with knowledge of the zoning regulation involved. Wilson v. Mountainside, 42 N.J. 426, 201 A.2d 540 (1964).
Accordingly, we hold that the Board of Adjustment acted arbitrarily and abused its discretion when it failed to grant plaintiff's application for a variance and that the trial court erred in affirming the denial.
Judgment reversed and cause remanded with directions that the matter be remanded to the Board of Adjustment for the issuance of a reasonable variance as requested by plaintiff.
SILVERSTEIN, C. J., and RULAND, J., concur.