**Robert E. ELAM and Mildred Elam, Petitioners–Appellees,**

v.

**Maxine ALBERS, Richard Enstrom, and Errol Snider, all constituting the Mesa County Board of Commissioners, Respondents–Appellants.**

**No. 79CA0707.**

Colorado Court of Appeals, Div. I.

May 8, 1980.

Rehearing Denied June 5, 1980.

Certiorari Denied Aug. 25, 1980.

Golden, Mumby, Summers & Livingston, J. Richard Livingston, Grand Junction, for petitioners–appellees.

Gerald J. Ashby, County Atty., Grand Junction, for respondents–appellants.

SMITH, Judge.

The Board of County Commissioners (Board) appeals a determination by the district court permitting the Elams to build a mobile home park in an area which is zoned in such a manner as to exclude such parks. We reverse.

The Elams' predecessor in interest to the land in question obtained a conditional use permit for a mobile home park on the land in 1970. At that time, the land was zoned R–3, a category which permitted use of the land for a mobile home park only upon obtaining a conditional use permit. No development was ever commenced under the permit. In October 1971, the zoning classification of the land was changed to R–2, a classification which did not permit the development of a mobile home park either as a permitted use or as a conditional use.

In February 1972, a county building inspector responded to an inquiry regarding the status of the land by stating that the records reflected the fact that permission had been granted in 1970 to use the land as a mobile home park. Subsequently, the Elams purchased the land. In November 1978, almost seven years later, the Elams sought permission to develop the land into a mobile home park subdivision. The County Planning Commission approved their plan, but the Board of County Commissioners denied the request for development.

On certiorari review the district court determined that the conditional use permit constituted a covenant running with the land, and thus that the zoning change had been ineffective to preclude subsequent owners from developing the land as a mobile home park.

The Board asserts that because the land had not been used as a mobile home park prior to the time that the land was rezoned, the current owners are not entitled to use the land as a mobile home park. We agree.

A conditional use is a use which is permitted within the zone, but which because of the possibility that the permitted use could become incompatible in certain respects with other uses within the zone, special permission is required before the land may be put to that use. *See County of Imperial v. McDougal*, 19 Cal.3d 505, 564 P.2d 14, 138 Cal.Rptr. 472 (1977). We conclude that the issuance of a conditional use permit creates no greater right in property owners than they would have possessed had they desired to develop in conformance with any other use permitted within the zone. Such a permit only represents a determination that as to their land, a use additional to those generally permitted will be allowed.

Uses permitted by a particular zoning classification are not vested rights, and subsequent zoning changes are binding on

the owners of the property affected. *Cline v. Boulder*, 168 Colo. 112, 450 P.2d 335 (1969). The exception to this general rule arises only where an owner has developed his land in accordance with a prior permitted use, in which case, he may be allowed to continue the use as a "non–conforming" use. Section 30–28–120 C.R.S.1973. That is not the situation here.

Here, because the zoning regulations covering the land involved were changed, and now proscribe the use of the land as a mobile home subdivision, and because no steps were taken prior to the change in zoning to develop the land for such purposes, the owners cannot assert that they have a vested right to a "non–conforming" use of the land for a mobile home subdivision.

The judgment is reversed.

COYTE and KELLY, JJ., concur.