**FLEET REAL ESTATE FUNDING CORP., Plaintiff–Appellee,**

v.

**Doris B. KOCH, a/k/a Doris Koch, Defendant–Appellant.**

**No. 89CA2115.**

Colorado Court of Appeals, Div. I.

Jan. 31, 1991.

Sparks, Dix, Enoch & Winslow, P.C., Barton L. Enoch, Brenda L. Bartels, Colorado Springs, for plaintiff-appellee.

Stephen J. Sletta, Colorado Springs, for defendant-appellant.

Opinion by Judge DUBOFSKY.

Doris Koch seeks review of the trial court's judgment declaring her secured interest in certain real property junior to and extinguished by the foreclosure of plaintiff's superior deed of trust. We find no error.

On April 26, 1985, Donald Martin and Koch purchased, as tenants in common, the realty at issue. On the same date, Koch and Martin granted Future Funding, Inc. (FFI), a deed of trust secured by the property as repayment for the purchase money. This deed of trust was recorded May 3, 1985.

On April 29, 1985, Martin executed and granted to Koch a deed of trust against an undivided 50 percent interest in the same property to secure repayment to Koch of monies lent by her to Martin and used as a down payment for the purchase of the property in accordance with Koch and Martin's co-financing agreement. This second deed of trust and the co-financing agreement were both recorded on April 29, 1985, the same day of execution. The recorded co-financing statement indicated that FFI's deed of trust was superior to Koch's.

FFI's interest was subsequently acquired by Fleet Real Estate Funding Corporation. Following default in payment required by the first deed of trust, Fleet initiated a public trustee's sale of the property. Koch received the required notice of sale and redemptive right. Fleet made a full indebtedness bid, Koch did not redeem, and Fleet received a public trustee's deed.

Fleet then brought the present action to quiet title, and the trial court on cross-motions for summary judgment decreed Fleet's title paramount and Koch's interest extinguished upon the foreclosure.

██ Koch argues that Fleet, by initiating a public trustee's sale rather than a judicial foreclosure, did not terminate Koch's interest since her deed of trust, although executed after Fleet's interest, was recorded first. Koch claims this is the plain effect of § 38–39–110, C.R.S. (1982 Repl.Vol. 16A). That statute, applicable to sales on foreclosure, provides that, following the expiration of the redemptive period, a foreclosing lienor's *"title shall be free and clear of all liens and encumbrances recorded or filed subsequent to the recording or filing of the lien on which the sale ... was based."* (emphasis added). Koch concludes the trial court erred under this section because her interest was made of record prior to the deed of trust foreclosed by Fleet. We disagree.

The recording statute, § 38–35–109(1), C.R.S. (1990 Cum.Supp.) provides:

"All deeds ... or other instruments in writing conveying, encumbering, or affecting the title to real property ... may be recorded in the office of the county clerk and recorder of the county where such real property is situated. *No such unrecorded instrument ... shall be valid as against any class of persons with any kind of rights who first records, except between the parties thereto and such as have notice thereof."* (emphasis added)

This statute has been construed to give priority to first or prior recorded interests provided the claimant of such interest has no notice of, or was not a party to, a superior unrecorded instrument. *Cottonwood Hill, Inc. v. Ansay,* 782 P.2d 1207 (Colo.App.1989).

It is undisputed that Koch was an obligor of the deed of trust executed for the benefit of Fleet's predecessor, and Koch admits the Fleet deed of trust was intended to be the superior encumbrance. Koch further admits that, by operation of the recording statute, the failure to record the Fleet deed of trust before Koch's own does not make her encumbrance senior. Nevertheless, Koch relies on the language of § 38–39–110 quoted above which she argues conflicts with the recording statute.

██ When apparent conflict exists between two statutory sections, a court must attempt to harmonize the statutes in order to give effect to their purposes, and the purpose of § 38–39–110 is to render titles purchased at foreclosure free from technical defects in reliance on record title. *Ragsdale Bros. Roofing, Inc. v. United Bank,* 744 P.2d 750 (Colo.App.1987).

██ Section 38–35–109(1) indicates how record priorities are generally established, but statutorily recognizes actual notice will in the proper circumstance be accorded priority to record notice. In light of these purposes, we interpret the language "liens and encumbrances recorded or filed subsequent" in § 38–39–110 to except superior liens not of record where actual or imputed notice of them is established. *See Leyden v. Citicorp Industrial Bank,* 782 P.2d 6 (Colo.1989); *see also Page v. Fees–Krey, Inc.,* 617 P.2d 1188 (Colo.1980).

██ This construction permits an innocent encumbrancer to achieve good title by reliance upon the interests of record, but does not allow the holder of an interest in real property here to acquire a superior and preferred title despite the facts as she knows them to be. Thus, when one encumbrance is filed later in time than another, yet is intended by agreement to be superior to the encumbrance first filed, the title acquired pursuant to the public trustee's deed by a person with actual notice is not subject to the interest first recorded. *See Peoples Bank & Trust Co. v. Rocky Mountain District Council,* 620 P.2d 58 (Colo. App.1980).

We have considered Koch's remaining arguments and find them to be without merit. We refuse Fleet's request for attorney fees.

Judgment affirmed.

PIERCE and CRISWELL, JJ., concur.