**Ernesto HERRERA, Plaintiff–Appellee,**

v.

**GENE'S TOWING, Defendant–Appellant.**

**No. 90CA2167.**

Colorado Court of Appeals,
Div. I.

Feb. 27, 1992.

Keene, Munsinger & Smith, Stephen M. Munsinger, Denver, for plaintiff-appellee.

Dickinson, Everstine, Kelly & Prud'homme, Randal R. Kelly, Denver, for defendant-appellant.

Opinion by Judge TURSI.

Defendant, Gene's Towing, appeals a judgment entered upon jury verdicts in favor of plaintiff, Ernesto Herrera. We affirm.

The issues as submitted to the jury in this case were whether defendant's employee had negligently caused a non-party to run into plaintiff's vehicle causing him injury and damage. The jury apportioned 40 percent fault to the defendant, 45 percent to the non-party, and 15 percent to the plaintiff and awarded damages in favor of

\* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).

the plaintiff in the sum of $260,760 for noneconomic injury, $133,000 for economic injury, and $189,000 for physical impairment and disfigurement.

■ Defendant contends that the trial court should have granted summary judgment in its favor. However, the denial of a motion for summary judgment is not an appealable ruling, and thus, we do not address this contention. *See Manuel v. Fort Collins Newspapers, Inc.*, 631 P.2d 1114 (Colo.1981).

Defendant next urges that the trial court should have directed a verdict finding that the sole negligence of the non-party caused plaintiff's injuries. We disagree.

■ In passing upon a motion for a directed verdict, the trial court must view the evidence in the light most favorable to the party against whom the motion is directed. And, when a plaintiff makes out a prima facie case, even though the facts are in dispute, it is for the jury, and not the judge, to resolve the conflict. *Romero v. Denver & Rio Grande Western Ry. Co.*, 183 Colo. 32, 514 P.2d 626 (1973). Giving plaintiff's evidence the reasonable inferences to be drawn from it, as it must, the trial court properly denied the motion.

Defendant also contends that the trial court erred in allowing lay witnesses to offer opinion testimony on the issue of causation. We are not persuaded that the record supports defendant's categorization of the lay testimony, but even if it were, admission of such testimony would not constitute reversible error. *See* CRE 701; *see also* CRE 103(a).

Contrary to defendant's claim, there is ample evidence in the record to sustain the trial court's instruction concerning the sudden emergency facing the non-party. *See Young v. Clark*, 814 P.2d 364 (Colo.1991).

■ Defendant next urges that the trial court erred by instructing the jury to consider damages for physical impairment or disfigurement separate and apart from economic and noneconomic damage awards. We disagree.

Section 13–21–102.5, C.R.S. (1991 Cum. Supp.), as pertinent here, reads as follows:

Limitations on damages for noneconomic loss or injury.

(1) ... [T]he general assembly enacts this section placing monetary limitations on ... damages for noneconomic losses or injuries.

(2) As used in this section:

....

(b) Noneconomic loss or injury means nonpecuniary harm for which damages are recoverable by the person suffering the direct or primary loss or injury, including pain and suffering, inconvenience, emotional stress, and impairment of the quality of life. Noneconomic loss or injury includes a damage recovery for nonpecuniary harm for actions brought under section 13–21–201 or 13–21–202.

(3)(a) In any civil action in which damages for noneconomic loss or injury may be awarded, the total of such damages shall not exceed the sum of two hundred fifty thousand dollars, unless the court finds justification by clear and convincing evidence therefor. In no case shall the amount of such damages exceed five hundred thousand dollars.

....

(4) The limitations specified in subsection (3) of this section shall not be disclosed to a jury in any such action, but shall be imposed by the court before judgment.

(5) Nothing in this section shall be construed to limit the recovery of compensatory damages for physical impairment or disfigurement.

In enacting a statute it is presumed that the entire statute is intended to be effective. *See* § 2–4–201(1)(b), C.R.S. (1980 Repl.Vol. 1B). Further, a statute is to be construed as a whole to give a consistent, harmonious, and sensible effect to all its parts. *Martinez v. Continental Enterprises*, 730 P.2d 308 (Colo.1986).

Here, it is undisputed that plaintiff suffered severe physical impairment and disfigurement from which damages of a noneconomic nature could naturally flow. Hence, to harmonize § 13–21–102.5(2)(b) and (3)(a) with (5) and give effect to all three subsections, it is necessary to deter-

mine separately damages of a noneconomic nature for physical impairment and disfigurement from the noneconomic loss or injury defined in § 13–21–102.5(2)(b). By such means, the limitation on recoverable damages contained in § 13–21–102.5(3)(a) and the unlimited recovery for physical impairment and disfigurement as provided for in § 13–21–102.5(5) can be harmonized. *See CJI–Civ. 3d* 9:40B (1991); *see also Hoffman v. Schafer,* 815 P.2d 971 (Colo.App. 1991).

We reject defendant's alternative motion to alter or amend the judgment. The settlement plaintiff received from the nonparty has been subsumed into the percentage of causation assessed against the nonparty and is in an amount substantially less than the percentage of total damages chargeable to her. *See* § 13–21–111.5, C.R.S. (1987 Repl.Vol. 6A).

*United States Fidelity & Guaranty Co. v. Salida Gas Service,* 793 P.2d 602 (Colo. App.1989) cited by the defendant, is inapposite. There, the nonparty was found to be free of negligence.

■ Finally, defendant's claim that the trial court erred in failing to reduce the award of noneconomic damages pursuant to § 13–21–102.5(3)(a) and failing to make specific findings of clear and convincing evidence therefor is without merit. Neither the statute nor C.R.C.P. 52 require such findings, and inasmuch as the defendant made the same argument to the trial court, we conclude that its rejection of the motion implicitly found clear and convincing evidence in support thereof.

Judgment affirmed.

REED and VAN CISE,* JJ. concur.