**TOWN OF LYONS, a municipal corporation, Plaintiff–Appellant,**

v.

**Judy BASHOR, f/k/a Judy McClellan, James B. McClellan, Paul J. Siddall and Patricia P. Siddall, Defendants–Appellees.**

No. 92CA1855.

Colorado Court of Appeals, Div. III.

Nov. 4, 1993.

Rehearing Denied Dec. 2, 1993.

Richard E. Samson, P.C., Richard E. Samson, Kristin N. Brown, Longmont, for plaintiff-appellant.

Stevens, Littman & Biddison, Roger E. Stevens, Craig A. Weinberg, Boulder, for defendants-appellees.

Opinion by Chief Judge STERNBERG.

Plaintiff, the Town of Lyons, appeals the summary judgment entered in favor of the defendants, Judy Bashor, formerly known as Judy McClellan; her ex-husband, James B. McClellan; and Paul J. and Patricia P. Siddall. We affirm.

In 1976, during their marriage, defendants Bashor and McClellan purchased a single lot in Lyons. The lot met all the requirements of R–1 Residential Zoning except that two residences were located on the land. However, as a prior nonconforming use, the property was exempt from the Town's zoning regulations.

On January 25, 1989, the McClellans' marriage was dissolved. As part of the property disposition, in order to allow the parties daily contact with their children, the court partitioned the property in kind by dividing it in half by a metes and bounds description giving each party one of the two homes. Bashor later sold her portion of the property to the Siddalls, with the sale closing on January 31, 1992.

On January 28, 1992, before the closing, the Town filed suit and unsuccessfully sought a temporary restraining order to stop the sale. Thereafter, the suit continued with the Town seeking declaratory and other relief predicated on the allegation that the defendants had not complied with the applicable zoning ordinances when dividing, selling, and purchasing the property. The Town sought to set aside the partitioning of the property and the sale to the Siddalls.

Defendants filed a motion for summary judgment, claiming the statute of limitations barred the action. The trial court, applying a two-year statute of limitations, granted the motion.

The court held that the Town had constructive notice of the partition on the date the dissolution decree was recorded. It also held that the "subdivision" occurred when the dissolution of marriage court entered its order partitioning the property, not during the sale to the Siddalls as the Town claims. Accordingly, the court entered summary judgment in favor of defendants because the statute of limitations had run and the action was barred.

We affirm the summary judgment entered, but on grounds different from those relied upon by the trial court. Because each day of noncompliance with a zoning or subdivision ordinance constitutes a separate violation, the statute of limitations does not bar the Town from filing suit to enjoin new and future violations. *See generally* 4 R. Anderson, *American Law of Zoning* §§ 29.01 to 29.16 (3d ed. 1986). *See also Flinn v. Treadwell,* 120 Colo. 117, 207 P.2d 967 (1949) (failure of city authorities to enforce ordinance does not preclude future enforcement); *Board of County Commissioners v. Pfeifer,* 190 Colo. 275, 546 P.2d 946 (1976) (injunction is protective and preventive remedy, affording relief against future rather than past acts).

Nonetheless, in our view, the property's exemption from the Town's zoning regulations as a prior nonconforming use runs with the land; therefore, the right to continue the nonconforming use did not terminate with the division and/or the sale of the property.

Uses permitted by a particular zoning classification are not vested rights, and subsequent zoning changes are binding on the owners of the property affected. However, a use which lawfully existed prior to the enactment of the zoning ordinance, and which is maintained after the effective date of the ordinance, may continue as a "nonconforming use" even though it does not comply with the zoning changes. *Elam v. Albers,* 44 Colo.App. 281, 616 P.2d 168 (Colo.App.1980). *See also* § 30–28–120, C.R.S. (1986 Repl.Vol. 12A.); 1 R. Anderson, *American Law of Zoning* § 6.01 (3d ed. 1986).

The right to continue a nonconforming use, once established and not abandoned, is not confined to any one individual or corporation. *Eitnier v. Kreitz Corp.,* 404 Pa. 406, 172 A.2d 320 (1961). As noted in 1 R. Anderson, *American Law of Zoning, supra,* § 6.40:

The right to maintain a nonconforming use does not depend upon ownership or tenancy of the land on which the use is situated.

The right attaches to the land itself; it is not personal to the current owner or tenant. Accordingly, a change in the ownership or tenancy of a nonconforming business or structure does not affect the right to continue the nonconforming use.

 The mere transfer of the land neither terminates the right to continue the nonconforming use nor constitutes an unlawful extension of the use. *See Keith v. Saco River Corridor Commission*, 464 A.2d 150 (Me. 1983) (mere change from tenant to owner occupancy not expansion of previously existing nonconforming structures or use). *See* 1 R. Anderson, *American Law of Zoning, supra; Derby Refining Co. v. City of Chelsea*, 407 Mass. 703, 555 N.E.2d 534 (1990).

The right to continue a nonconforming use can be exercised equally by the purchaser. *See* 1 R. Anderson, *American Law of Zoning, supra.* And, the right is not forfeited merely because the purchaser takes with knowledge that the existing lot violates applicable zoning ordinances. *See Landmark Universal, Inc. v. Pitkin County Board of Adjustment*, 40 Colo.App. 444, 579 P.2d 1184 (1978). *See also Mac Lean v. Planning Board of Brick*, 94 N.J.Super. 288, 228 A.2d 85 (1967) (owner of four bungalows which were nonconforming uses could subdivide the tract and sell the bungalows to separate buyers despite minimum lot size, frontage, and setback requirements of zoning ordinance).

It is undisputed that the property here had a preexisting nonconforming use because two houses were located on the lot, and the Town concedes that the property was exempt from its zoning ordinances as a nonconforming use. Thus, the use of the dwellings may continue even though such use violates the Town's zoning restrictions. The only practical difference occasioned by the partition and sale is ownership of the land. However, because the status of land use does not turn on the status of ownership, it makes no difference whether there is one owner or whether there are multiple owners of the nonconforming property.

Therefore, the right to maintain the nonconforming use continued in each of the original owners after the partition and that right transferred to the Siddalls as subsequent purchasers. We conclude that defendants, as owners of a nonconforming lot containing multiple residences, lawfully divided the lot along the lines of the structures even though the division did not comply with applicable zoning ordinances. *See Keith v. Saco River Corridor Commission, supra; Beers v. Board of Adjustment*, 75 N.J.Super. 305, 183 A.2d 130 (1962).

In reaching our conclusion, however, we note that the partition and sale in this case would not modify the nature or purpose of the preexisting use of the dwellings, would not create an unlawful extension of the original use, and would cause no change in intensity of use. *See generally* 1 R. Anderson, *American Law of Zoning* §§ 6.35 through 6.59 (3d ed. 1986).

In light of our disposition of this issue, we need not address the other contentions of error.

The judgment is affirmed.

METZGER and HUME, JJ., concur.