**STARR FIREWORKS, INC., a North Dakota corporation licensed to do business in the State of Colorado, Plaintiff–Appellant,**

**v.**

**WEST ADAMS COUNTY FIRE DEPARTMENT and Fairmount Fire Protection District, Defendants–Appellees.**

No. 93CA1065.

Colorado Court of Appeals, Div. I.

May 18, 1995.

Rehearing Denied June 22, 1995.

Certiorari Denied Oct. 10, 1995.

Jon L. Holm, Denver, for plaintiff-appellant.

Clanahan, Tanner, Downing and Knowlton, P.C., C. Kevin Cahill, Denver, for defendant-appellee West Adams County Fire Dept.

Watrous & Ehlers, P.C., Kevin L. Ehlers, Lakewood, for defendant-appellee Fairmount Fire Protection Dist.

Duncan, Ostrander & Dingess, P.C., Donald M. Ostrander, J. Andrew Ausmus, Denver, amicus curiae for Talk Show, Inc., d/b/a Fireworks Unlimited.

Opinion by Judge MARQUEZ.

Plaintiff, Starr Fireworks, Inc., appeals the judgment denying its request for declaratory judgment against defendants, West Adams County Fire Department and Fairmount Fire Protection District. We affirm.

Initially, we note that the record before this court is very limited, consisting essentially of the complaint with attached affidavits, answers, and orders of the court. Although the briefs on appeal indicate that a hearing was held on a motion for preliminary injunction and that certain exhibits were admitted into evidence, neither a transcript of those proceedings nor copies of the exhibits are included in the record.

According to the court's findings of fact, plaintiff obtained a license from the Colorado Department of Public Safety to operate a retail fireworks stand within defendants' jurisdictions. Upon application to defendants for a permit, plaintiff was informed that because defendants had adopted the Uniform Fire Code, which prohibits the use, possession, and sale of fireworks, plaintiff would not be given a permit.

Plaintiff then filed a complaint in district court requesting: 1) that the court issue a declaratory judgment holding that the State of Colorado, Department of Public Safety, under the recently enacted fireworks statute, § 12–28–101, et seq., C.R.S. (1991 Repl.Vol. 5A), has the sole authority to issue licenses for the use, possession, and sale of fireworks and that the authority of defendants to regulate fireworks within their respective jurisdictions is limited, and 2) that the court enjoin defendants from prohibiting plaintiff from selling retail fireworks within their respective jurisdictions. The court denied plaintiff's requests for declaratory judgment and for injunctive relief.

The trial court's denial of injunctive relief was affirmed by another division of this court. *Starr Fireworks v. Lakewood/Bancroft Combined Fire Authority*, (Colo.App. No. 92CA1043, Feb. 4, 1993) (not selected for official publication).

Plaintiff contends that § 12–28–101, et seq., C.R.S. (1991 Repl.Vol. 5A) preempted the authority of "governing bodies," other than municipalities, to restrict or prohibit the use of fireworks within their jurisdictions. We disagree.

The cited statute, enacted in 1991, repealed and reenacted the statutory provisions that regulate persons dealing with fireworks and sets forth a list of "permissible fireworks."

Under § 12–28–103, C.R.S. (1991 Repl.Vol. 5A), any "governing body" has the power to grant permits for the storage of fireworks, the facilities used for retail fireworks sales, and the display of fireworks, and to adopt reasonable rules and regulations for the granting of such permits within its jurisdiction.

Section 12–28–101(5), C.R.S. (1991 Repl. Vol. 5A) defines "governing body" to mean:

(a) The city council, town council, board of trustees, or other governing body of any city or town, as to the area within the corporate limits of such city or town;

(b) The board of directors of any fire protection district organized pursuant to part 1 of article 1 of title 32, C.R.S., as to the area within the boundaries of such fire protection district; and

(c) The board of county commissioners as to the area within a county outside the corporate limits of any city or town or the boundaries of any fire protection district.

"Governing body," however, is not mentioned in § 12–28–107, C.R.S. (1991 Repl.Vol. 5A), which provides:

**Regulation by municipalities.** This article shall not be construed to prohibit the

imposition by municipal ordinance of further regulations and prohibitions upon the sale, use, and possession of fireworks, including permissible fireworks, within the corporate limits of any city or town, but no such city or town shall permit or authorize the sale, use, or possession of any fireworks in violation of this article.

According to plaintiff, § 12–28–107 specifically grants the right to impose further regulations only to municipalities; therefore, it argues, other "governing bodies," in spite of the enabling statutes noted above, only have the power to promulgate reasonable rules and regulations concerning the storage of fireworks and the retail facilities from which fireworks could be sold pursuant to § 12–28–103, not the right to restrict or prohibit further the sale, use, or possession of fireworks. Plaintiff also asserts that the new fireworks statute preempts the field of regulation of fireworks.

In opposition to plaintiff, defendants rely on § 32–1–1002(1)(d), C.R.S. (1994 Cum. Supp.), which grants the board of any fire protection district the power "to adopt and enforce fire codes, as the board deems necessary...." Also, they note that, pursuant to § 30–15–401.5(4), C.R.S. (1994 Cum.Supp.), a fire protection district "may propose fire code provisions for its district that may be different from the minimum fire safety standards adopted by the county." We agree with defendants that local regulation of fireworks has not been preempted by the 1991 statutory changes.

■ In construing statutes, courts must strive to harmonize laws that are in apparent conflict, in order to give effect to their purposes. *Fleet Real Estate Funding Corp. v. Koch*, 805 P.2d 1206 (Colo.App.1991). Further, it is presumed that the General Assembly acts with full knowledge of existing decisional and statutory law, *Federico v. Brannan Sand & Gravel Co.*, 788 P.2d 1268 (Colo. 1990), and courts should not presume that the General Assembly intended to repeal or abrogate existing law absent an express intent to do so. *Property Tax Administrator v. Production Geophysical Services, Inc.*, 860 P.2d 514 (Colo.1993).

■ There are three basic ways by which a state statute can preempt local regulation: first, the express language of the statute may indicate state preemption of all local authority over the subject matter; second, preemption may be inferred if the state statute impliedly evinces a legislative intent to occupy completely a given field by reason of a dominant state interest; and third, a local law may be partially preempted when its operational effect would conflict with the application of the state statute. *Board of County Commissioners v. Bowen/Edwards Associates, Inc.*, 830 P.2d 1045 (Colo.1992).

■ In this case, the statute does not expressly indicate state preemption of all local authority over fireworks. The next inquiry, therefore, is whether there is an implied legislative intent to occupy completely this particular field, from which preemption could be inferred.

A legislative intent to preempt local control over certain activities cannot be inferred merely from the enactment of a state statute addressing certain aspects of those activities, but must be measured not only by the language used but by the whole purpose and scope of the legislative scheme. *Bowen/Edwards, supra.* We do not find such an intent in the legislative scheme of the state fireworks statute. In fact, § 12–28–107 explicitly reserves the right of a municipality to impose further regulations and prohibitions on the sale, use, and possession of fireworks by municipal ordinance.

As *Bowen/Edwards, supra,* states, local authority may also be subject to partial preemption if the operational effect of the local regulation would conflict with the application of the state fireworks statutes. Here, however, the state statute is silent as to the authority of fire protection districts to impose further regulations or to prohibit fireworks. Moreover, as the trial court stated, that statute can be construed harmoniously with the statutes upon which defendants rely:

All persons dealing in fireworks are subject to state licensing requirements under § 12–28–101, et seq., and [are] also subject to any further regulation by local jurisdictions. Given the statutory history of sup-

porting local control of fire safety standards, there are no implied inconsistencies and the two may coexist.

Except for the terms "including permissible fireworks," the provisions of § 12–28–107 were included in earlier versions of that statute, which predate the enactment of § 32–1–1002(1)(d) and § 30–15–401.5(4). The provisions of § 32–1–1002(1)(d) and § 30–15–401.5(4) were not changed in any way by the repeal and reenactment of the state fireworks statute. Accordingly, in our view, the General Assembly shows by its silence its intent to allow defendants to maintain regulatory authority over the sale, use, and possession of fireworks within their respective jurisdictions.

The judgment is affirmed.

STERNBERG, C.J., and CASEBOLT, J., concur.