**TOWN OF GRAND LAKE, a Colorado Municipal Corporation, Plaintiff–Appellant,**

v.

**Elmer LANZI, Defendant–Appellee.**

**No. 95CA0449.**

Colorado Court of Appeals,
Div. V.

June 13, 1996.

Rehearing Denied Aug. 22, 1996.

Certiorari Denied May 19, 1997.

White & Jankowski, Scotty P. Krob, Denver, for Plaintiff–Appellant.

Anthony J. Dicola, Hot Sulphur Springs, Stern & Newton, P.C., Ronald S. Stern, Granby, for Defendant–Appellee.

Opinion by Judge ROY.

Plaintiff, the Town of Grand Lake (the Town), appeals the summary judgment holding that defendant, Elmer Lanzi, was not required to provide off-street parking for Village Center, a shopping center. We reverse and remand for further proceedings.

The Town amended its zoning ordinance to add the requirement, *inter alia*, that all retail and commercial buildings have one off-street space for each 250 square feet of gross leasable area (parking ordinance). Village Center was constructed and occupied prior to the adoption of the parking ordinance and, with respect thereto, became a non-conforming use. The parking ordinance further provided as follows:

> No building shall be erected, enlarged to the extent of increasing the floor area by as much as Fifty Percent (50%), or changed in use by rezoning unless there is either an off-street parking fee paid to the town if allowed, or there is provided on the lot, space for parking and space for the loading and unloading of automobiles or trucks in accordance with the following standards and requirements....

The zoning ordinance further provided that: "Each day that such a violation continues to exist shall be considered a separate offense."

In 1986, W.C. and Patricia Jones (Jones), the then owners of Village Center, renovated the center increasing the square footage of gross leasable area. Jones and the Town entered into a parking agreement by which Jones agreed that Village Center was required to provide off-street parking in accordance with the parking ordinance and that Jones would provide requisite parking on a nearby complying property (the parking property). The parking agreement contained the legal description of Village Center and the parking property, was recorded, and provided that it was a covenant appurtenant to both parcels.

At the time the parking agreement was recorded, Village Center and the parking property were subject to separate deeds of trust for the benefit of different lenders. Jones defaulted on both secured obligations, and the lenders foreclosed.

Following the foreclosures and prior to defendant's purchase of Village Center, the Town took the position that it was in violation of the parking ordinance. Defendant was aware of the Town's position when he purchased Village Center.

Beginning in 1990, customers of Village Center were denied access to the parking property. In June 1990, the Town cited defendant for violating the parking ordinance, but dismissed the charges after access to the parking property was restored.

In September 1992, the Town demanded that defendant provide parking as required

by the parking ordinance or pay the fee of $2500 for each off-street parking space not provided in lieu thereof. When defendant refused to do either, the Town commenced this action on January 8, 1993, to enforce the parking ordinance.

The Town filed and renewed a motion for summary judgment claiming that because Jones agreed to provide parking spaces after adding floor space and because defendant in his contract to purchase Village Center acknowledged that it "may not comply with the applicable parking requirements," the Town was entitled to summary judgment because these material facts were undisputed.

The trial court denied the Town's motion, stating that: (1) any admissions and concessions by Jones as the owners of Village Center in the parking agreement were not binding on defendant because under § 38–38–501, C.R.S. (1995 Cum.Supp.), defendant was a successor in interest to the foreclosing lender, but not to Jones; (2) there remained a genuine issue of material fact as to whether Jones' renovations enlarged Village Center to such an extent that it became subject to the parking ordinance; (3) there was a genuine issue of material fact concerning whether the parking agreement precluded the Town from enforcing the parking ordinance; and (4) although defendant did not file a cross-motion for summary judgment, there was also a genuine issue of material fact as to when the Town's action accrued because the claim was subject to the one-year statute of limitations under § 38–41–119, C.R.S. (1982 Repl.Vol. 16A) for enforcement of building restrictions.

On November 14, 1994, defendant filed his motion for summary judgment claiming that the statute of limitations, § 38–41–119, barred the Town's claim because the cause of action had accrued no later than March 16, 1990. The court granted defendant's motion stating: (1) the Town's complaint failed to state a claim upon which relief could be granted because the only remedy the Town had was to enforce the parking agreement, which was not binding on defendant; and (2) § 38–41–119 barred the Town's claim because it arose at the latest on October 25, 1991, more than one year before the action commenced. This appeal followed.

## I.

Initially, we note that summary judgment is a drastic remedy and is never warranted except upon a clear showing that there exists no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. C.R.C.P. 56(c); *Graven v. Vail Associates, Inc.,* 909 P.2d 514 (Colo.1995). A party moving for summary judgment has the initial burden of establishing that no genuine issue exists as to any material facts. *Travelers Insurance Co. v. Savio,* 706 P.2d 1258 (Colo.1985). The party against whom summary judgment is sought is entitled to all favorable inferences that may be drawn from the facts. *Kaiser Foundation Health Plan v. Sharp,* 741 P.2d 714 (Colo.1987).

## II.

We first determine whether, as the Town argues, the parking agreement is binding on defendant as a successor in interest. We conclude that it is not.

Section 38–39–110, C.R.S. (1982 Repl.Vol. 16A), in effect at the time the lender foreclosed on Village Center, states in relevant part:

> [ U]pon the expiration of the period of redemption allowed to the owner and to all subsequent lienors entitled to redeem, make and execute a deed to the holder of the certificate of purchase, or to the lienor last redeeming in case a redemption has been made by a lienor, to the land and tenements sold, which deed shall be in the manner and form provided by law or in compliance with the terms and conditions of the original trust deed. Upon the issuance and delivery of such deed, but not until then, title shall vest in the grantee and *such title shall be free and clear of all liens and encumbrances recorded or filed subsequent to the recording or filing of the lien* on which the sale referred to in this section was based. (emphasis added)

*Cf.* § 38–38–501, C.R.S. (1995 Cum.Supp.) (substantially similar statute now in effect).

In *First Interstate Bank v. Tanktech, Inc.,* 864 P.2d 116, 119 (Colo.1993), our su-

preme court stated that the phrase "free and clear" in § 38–39–110 meant "that title to property 'is not [e]ncumbered by any liens.'" Therefore, "upon foreclosure of a senior security interest, any subordinate leases, liens ·or encumbrances are extinguished once the redemption period has expired under section 38–39–110." *See also Fleet Real Estate Funding Corp. v. Koch*, 805 P.2d 1206 (Colo. App.1991).

The Town concedes that the parking agreement was junior to the foreclosed deed of trust. The district court concluded, and we agree, that the parking agreement was extinguished by the foreclosure, is no longer appurtenant to Village Center, and is not binding on defendant by virtue of his ownership of the Village Center. This is true despite the fact that defendant was made aware of the parking agreement and possible noncompliance of Village Center with the parking ordinance at or prior to the purchase.

## III.

■ The Town next argues that, even if defendant is not bound by the parking agreement, the court erred as a matter of law in holding that the statute of limitations barred its cause of action to enforce the parking ordinance. We agree.

Section 38–41–119, C.R.S. (1982 Repl.Vol. 16A) states:

No action shall be commenced or maintained to enforce the terms of any building restriction concerning real property or to compel the removal of any building or improvement on land because of the violation of any terms of any building restriction unless said action is commenced within one year from the date of the violation for which the action is sought to be brought or maintained.

■ Statutes of limitation run against local governments, except when the General Assembly expressly authorizes to the contrary. *City of Colorado Springs v. Timberlane Associates*, 824 P.2d 776 (Colo.1992).

A division of this court, in dictum, stated that because each day of noncompliance with a zoning or subdivision ordinance constitutes a separate violation, the statute of limitations does not bar a municipality from filing suit to enjoin new and future violations. *Town of Lyons v. Bashor*, 867 P.2d 159 (Colo.App. 1993). We elevate the dictum in *Bashor* to a holding in this case. We hold that, as to violations within the limitations period or in regard to compelling future compliance, the statute of limitations does not preclude the enforcement of a zoning ordinance which specifies that each day constitutes a separate violation.

## IV.

### A.

■ Defendant argues, relying on *McDowell v. United States*, 870 P.2d 656 (Colo. App.1994), that the parking ordinance is a building restriction and not a zoning ordinance and, therefore, is subject to the one-year limitation of § 38–41–119. We disagree.

*McDowell* dealt with the enforcement of private restrictive covenants and held that a setback requirement contained in a planned unit development plat was a building restriction subject to § 38–41–119. The court rejected an argument that the restrictive covenant was in the nature of a zoning ordinance.

As a valid exercise of the police power, zoning ordinances commonly restrict, *inter alia*, setbacks, distance between buildings, minimum lot sizes, minimum frontages, parking, building height, and the use of buildings, structures, or land in general. *See* 8 J. Reinholtz & T. Bjur, *McQuillin on Municipal Corporations* §§ 25.137–146.10 (3d ed.1995).

Unlike here, *McDowell* did not address the valid exercise of the police power by a municipality. We are not aware of any authority supporting the proposition that § 38–41–119 applies to the enforcement of an ordinance. Hence, we conclude that § 38–41–119 has no application to the enforcement of a zoning ordinance by a municipality.

### B.

Defendant advances two additional arguments to support his proposition that the

parking ordinance is a building restriction and not a zoning ordinance. Both arguments are, in our view, without merit, and we address only one.

■ Defendant states the parking ordinance is not a zoning ordinance because § 31–23–303(1), C.R.S. (1986 Repl.Vol. 12B), which authorizes the adoption of zoning regulations, does not specifically mention parking as a subject that municipalities may regulate through zoning ordinances. We do not find the statute so limited.

Section 31–23–303(1) states:

[Zoning] regulations shall be made in accordance with a comprehensive plan and designed to lessen congestion in the streets; to secure safety from fire, panic, floodwaters, and other dangers; to promote health and general welfare; to provide adequate light and air; to prevent the overcrowding of land; to avoid undue concentration of population; to promote energy conservation; and to facilitate the adequate provision of transportation, water, sewerage, schools, parks, and other public requirements. Such regulations shall be made with reasonable consideration, among other things, as to the character of the district and its peculiar suitability for particular uses and with a view to conserving the value of buildings and encouraging the most appropriate use of land throughout such municipality.

Section 31–23–303(1) grants municipalities broad discretion with respect to promulgation of, and the matters to be governed by, zoning regulations. The parking ordinance, among other things, may "lessen congestion in the streets" and "promote health and general welfare." *See Nopro Co. v. Town of Cherry Hills Village,* 180 Colo. 217, 504 P.2d 344 (1972) (statute grants broad legislative discretion as to how to achieve declared objectives). Therefore, under the statute's broad authority, the Town may regulate parking through zoning ordinances.

## V.

■ Finally, the Town asks that we not only reverse the judgment of the trial court, but enter judgment for the Town on its motion for summary judgment. We decline to do so because the denial of a summary judgment motion is not a final appealable order under C.R.C.P. 54(b). *W.C. in Interest of A.M.K.,* 907 P.2d 719 (Colo.App.1995).

The judgment of the trial court is reversed, and the cause is remanded for further proceedings consistent with this opinion.

RULAND and CASEBOLT, JJ., concur.