Justin R. LEDSTROM, a minor, By and Through his parent, natural guardian and next friend, Gary LEDSTROM; and Gary Ledstrom, individually, Plaintiffs,

v.

Timothy KEELING, D.O. and Carmen Laronn, M.D., Defendants.

No. CIV. 96–WM–502.

United States District Court,
D. Colorado.

July 27, 1998.

William Hansen, Denver, CO, for Justin R. Ledstrom.

Kim B. Childs, Denver, CO, for Carmen Laronn.

Robert Ruddy, Glendale, CO, for Timothy Keeling.

## MEMORANDUM OPINION AND ORDER

MILLER, District Judge.

This is a medical malpractice action against two Colorado physicians for injuries allegedly caused by their misdiagnosis and improper treatment. The pleadings and arguments of the parties raise the issue of how applicable Colorado statutes limit the recovery against health care professionals for non-economic losses associated with physical impairment and disfigurement. There exists no reported precedent on this issue.[1]

1. My colleague Judge Babcock was not presented with this specific issue in *Hill v. United States*, 854 F.Supp. 727 (D.Colo.1994) and this is no reported decision on this issue by the Colorado Supreme Court or Court of Appeals. Each side referred to trial court opinions which supported their respective positions.

## Jurisdiction

This is an action by Minnesota citizens against Colorado physicians for their treatment of the plaintiff in Colorado. Accordingly, this court has diversity jurisdiction over this action. 28 U.S.C. § 1332(a)(1). Under *Erie R.R. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), I apply Colorado substantive law. *Gasperini v. Center for Humanities, Inc.,* 518 U.S. 415, 426, 116 S.Ct. 2211, 135 L.Ed.2d 659 (1996); *Sender v. Simon,* 84 F.3d 1299, 1303 (10th Cir.1996).

## Issue Presented

Does the $250,000 limitation on damage recoveries for non-economic loss or injury contained in the Colorado Health Care Availability Act (HCAA), C.R.S. §§ 13–64–101 to 13–64–503, apply to damages for physical impairment or disfigurement which are excepted from the general limitation on damages for noneconomic loss or injury under C.R.S. § 13–21–102.5?

## Factual Background

In early 1994, plaintiff Justin Ledstrom, a minor of 12 years old, began to suffer from headaches and related discomforts. On March 5, 1994, he was presented to defendant Dr. Keeling, a family physician, for evaluation. Dr. Keeling diagnosed frontal bacterial sinusitis and prescribed an antibiotic and steroid nasal spray. The plaintiff was told to return if his condition did not improve within 7 to 10 days. The plaintiff initially improved but there is factual dispute what happened thereafter.

According to the plaintiff, his condition did not clear up and he was referred to an allergist, defendant Dr. Laronn. A visit was scheduled with Dr. Laronn on March 26, 1994. She testified that the plaintiff presented himself with chronic symptoms usually related to allergies and not with symptoms of acute sinusitis. Indeed, skin tests and other allergy examinations were completed, antihistamine drugs for symptomatic relief prescribed and a future examination scheduled.

On March 30, 1994, the plaintiff flew alone from Colorado to Minnesota to visit his grandparents. While there, he became quite ill, was taken to the emergency room of the local hospital and eventually diagnosed with subdural and epidural empyemas—collections of pus within his cranial cavity around his brain. Immediate surgery was performed to drain the infection and two further surgeries were ultimately required.

Plaintiff alleges physical impairment and disfigurement as a result of the disease and operations. Because of a prior accident, there is dispute concerning not only the existence, but also the cause, of any impairment. Since the surgeries necessitated opening the skull, there is no dispute that some disfigurement exists.

## Discussion

This case presents the issue of whether statutory limitations on damage recoveries for nonpecuniary losses include losses attributable to "physical impairment or disfigurement."

The statutes giving rise to this dispute were sequentially adopted. In 1986, the Colorado General Assembly concluded that damage awards for "noneconomic losses or injuries" threatened public welfare and enacted C.R.S. § 13–21–102.5, which provides in relevant part:

(2) As used in this section:

. . . . .

(b) "Noneconomic loss or injury" means nonpecuniary harm for which damages are recoverable by the person suffering the direct or primary loss or injury, including pain and suffering, inconvenience, emotional stress, and impairment of the quality of life . . . .

(3)(a) In any civil action in which damages for noneconomic loss or injury may be awarded, the total of such damages shall not exceed the sum of two hundred fifty thousand dollars, unless the court finds justification by clear and convincing evidence therefor. In no case shall the amount of such damages exceed five hundred thousand dollars.

. . . . .

(4) The limitations specified in subsection (3) of this section shall not be disclosed to a jury in any such action, but

shall be imposed by the court before judgment.

(5) Nothing in this section shall be construed to limit the recovery of compensatory damages for physical impairment or disfigurement.

Applicable to all actions, this section limited damages for "noneconomic loss or injury" in the first instance (subsection (3)(a)) but then carves out an exception by providing that the section shall not "be construed to limit the recovery of compensatory damages for physical impairment or disfigurement" (subsection (5)).

In *Herrera v. Gene's Towing,* 827 P.2d 619 (Colo.App.1992), the Colorado Court of Appeals, construing the entire statute to give it a "consistent, harmonious and sensible effect to all of its parts," concluded that "to harmonize Section 13–21–102.5(2)(b) and (3)(a) with (5) and give effect to all three subsections, it is necessary to determine separately damages of a noneconomic nature for physical impairment and disfigurement from the noneconomic loss or injury defined in Section 13–21–102.5(2)(b)." *Id.* 827 P.2d at 620–621.

In other words, noneconomic damages for physical impairment and disfigurement are not included within the $250,000 limitation. Without more, therefore, the rule of general application in Colorado is that a plaintiff may recover unlimited compensatory damages, economic and noneconomic, for physical impairment or disfigurement in addition to (and separate from) an award of up to $250,000 for noneconomic damages.[2]

However, in 1988, the Colorado General Assembly adopted the HCAA which further limited damage recoveries against health care professionals, again based upon the finding that it was necessary "to preserve the public peace, health, and welfare." C.R.S. § 13–64–102. In particular, liability of health care professionals in tort "shall not exceed one million dollars ... of which not more than two hundred fifty thousand dollars ... shall be attributable to noneconomic loss or injury, as defined in section 13–21–102.5 ... (2)(b) ...." C.R.S. § 13–64–302(1).

The express reference to the general statute, C.R.S. § 13–21–102.5, is limited to the definition of "noneconomic loss or injury" found in subsection (2)(b). The parties dispute whether the elimination of the "cap" on compensatory damages for physical impairment or disfigurement, by virtue of C.R.S. § 13–21–102.5(5), applies to the HCAA as well.

Plaintiff claims it does, arguing that the definition of "noneconomic loss or injury" was in effect modified by subsection (5) to exclude damages for "physical impairment or disfigurement."[3] Plaintiff then claims that must have been known by the legislature and the reference in the HCAA to the definition of "noneconomic loss or injury" carries with it this interpretation. *See Busch v. Gunter,* 870 P.2d 586, 587 (Colo.App.1993) (legislature presumed to know legal import of words it uses); *Starr Fireworks, Inc. v. West Adams County Fire Dep't,* 903 P.2d 1202, 1204 (Colo. App.1995) (legislature presumed to have full knowledge of existing decisional and statutory law).

Plaintiff bolsters his argument by reference to *Scholz v. Metropolitan Pathologists, P.C.,* 851 P.2d 901 (Colo.1993), a case controlled by the HCAA. Although the Colorado Supreme Court did not directly address the issue, plaintiff points to footnotes discussing the breakdown of damages awarded at trial, which included a separate category for "physical impairment" distinct from noneconomic damages. *Id.* 851 P.2d at 903 nn. 2 & 3. Plaintiff argues that this is implicit confir-

---

2. Standard Colorado jury instructions are consistent with *Herrera.* See CJI–Civ.3d 9:40B. Form B (1988 & Cum.Supp.1998) which excludes damages for physical impairment and disfigurement from the verdict questions on total damages for economic and noneconomic losses and then asks for a separate answer for *all* losses, both economic and noneconomic, for impairment and disfigurement.

3. Plaintiff improperly claims that Section 13–21–102.5(5) "specifically states that this definition [C.R.S. § 13–21–102.5(2)(b)] shall not be 'construed' to include 'physical impairment or disfigurement.'" Plaintiff's Trial Brief, at 2. Subsection (5) is much different. It does *not* exclude "physical impairment or disfigurement" from the definition of "noneconomic loss or injury" or in any other way modify those terms. Rather, subsection (5) plainly eliminates any damage limitation on the recovery of any compensatory damage, whether economic or noneconomic, for physical impairment or disfigurement. *See Herrera,* 827 P.2d at 620.

mation of its interpretation that damages for physical impairment and disfigurement are not limited by the $250,000 "cap" on noneconomic losses under the HCAA.

With reference to some of the same authority, defendants reach the opposite conclusion. The Defendants argue that the HCAA is unambiguous, its meaning plain, and the later enacted and more specific HCAA controls over the earlier, general legislation. Accordingly, defendants conclude, the specific definitional reference in the HCAA to a particular subsection of the general damages statute does not bring with it the balance of C.R.S. § 13–21–102.5.

The defendants also point to another provision of the HCAA, C.R.S. § 13–64–204, which mandates separate findings for specific categories of damages. The statute does not list a category for damages attributable to physical impairment and disfigurement apart from other noneconomic loss.[4]

Finally, the defendants also rely on *Scholz*, noting the Colorado Supreme Court declined to incorporate subsection 13–21–102.5(3) (allowing increase up to $500,000 for noneconomic damages) into the HCAA.

The interpretation of these statutes and their interrelationship is a question of law. *People v. Terry*, 791 P.2d 374, 375 (Colo. 1990). In construing a statute, the first step should be to look at its plain and ordinary meaning. "If the language is plain and the meaning is clear, there is no need to resort to interpretative rules of statutory construction." *Mason v. People*, 932 P.2d 1377, 1378 (Colo.1997).

The Colorado Supreme Court has held that "Section 13–64–302 is not ambiguous on its face." *Colorado Permanente Medical Group, P.C. v. Evans*, 926 P.2d 1218, 1230 (Colo.1996). The plain language of Section 13–64–302(1) expressly incorporates subsections (2)(a) and (2)(b) of the general liability statute (Section 13–21–102.5) which define direct and derivative noneconomic loss or injury. There is no express incorporation or

reference to the entire general liability statute or any other particular subsection.

Similarly, the definition contained in subsection (2)(b) of Section 13–21–102.5 is not ambiguous: " 'noneconomic loss or injury' means nonpecuniary harm for which damages are recoverable by the person suffering the direct or primary loss or injury, including pain and suffering, inconvenience, emotional stress, and impairment of the quality of life...." C.R.S. § 13–21–102.5(2)(b). This language does not exclude loss or injury as a result of "physical impairment or disfigurement" or make any reference to subsection (5).

In fact, and as noted in *Herrera*, subsection (5) is a total proscription of any limitation on "compensatory damages for physical impairment or disfigurement" because of Section 13–21–102.5. *Herrera*, 827 P.2d at 620. Given the only limitation under Section 13–21–102.5 is to "noneconomic loss or injury" then subsection (5) merely carves out an exception to that limitation, thereby allowing an unlimited recovery of "noneconomic" for damages for physical impairment or disfigurement.[5] It does not redefine or qualify the definition of "noneconomic loss or injury."

Nevertheless, should that exception in the general statute somehow be transported to the $250,000 limitation contained in the HCAA? To do so would create conflict with HCAA's plain language of limitation without any exception. It would also be inconsistent or conflict with § 13–64–204 which mandates findings by damage categories which do not include physical impairment or disfigurement (See footnote 4). Those conflicts may be resolved or avoided pursuant to recognized rules of construction.

▉ The general damage statute is one of general application and was enacted prior to the HCAA. The HCAA is a special statutory scheme applicable only to medical malpractice litigation. Generally, the legislature is presumed to have been aware of existing laws at the time it enacted the HCAA. *Meyer*

---

4. C.R.S. § 13–64–204(1) requires findings on the following types of damages: (I) medical or other cause of health care; (II) other economic loss except loss of earnings; (III) loss of earnings; and (IV) noneconomic loss.

5. A necessary corollary is that there are also no limitation on "economic" damages for physical impairment or disfigurement.

*v. Charnes,* 705 P.2d 979 (Colo.App.1985). If the statutes conflict, the later prevails and the subsequent special statute controls over the earlier statute of general application. *Scholz,* 851 P.2d at 908. The plain language of HCAA should prevail over the potentially inconsistent language of the general statute.

Essentially the same analytical problem was presented to the Colorado Supreme Court in *Scholz.* There the plaintiff argued that § 13–21–102.5(3)(a), permitting a possible increase of awardable noneconomic damages, applied to actions arising under the HCAA. *Id.* 851 P.2d at 907. The court disagreed noting that the general statute was much broader than the specific damage limitations of the HCAA and that the HCAA did not contain any analogous provision to subsection (3)(a). *Id.* 851 P.2d at 907—08. Similarly, since the HCAA does not incorporate or contain any provision similar to subsection (5), I must conclude that it is inapplicable to the HCAA.[6]

■ Accordingly, I conclude that $250,-000.00 limitation of noneconomic damages contained in the HCAA has no exception. It is therefore ordered:

(1) The Health Care Availability Act, C.R.S. § 13–64–101 et seq. limits the total recovery by the plaintiffs for all noneconomic loss or injury to $250,000, including any such loss or injury resulting from physical impairment or disfigurement; and

(2) Plaintiffs are not permitted to recover for a separate category of damages for physical impairment and disfigurement in addition to the statutory categories set forth in C.R.S. § 13–64–204.

---

**6.** Again this conclusion is confirmed by recognized jury instructions. The special verdict form for medical malpractice (CJI–Civ.3d 15:19, Form B (Cum.Supp.1998)) contains no special provision for "physical impairment and disfigurement" but is instead limited to the statutory categories set forth in Section 13–64–204. This should be compared to general damages verdict form, CJI–Civ.3d 9:40B, Form B (1988 & Cum. Supp.1998) (see footnote 2 *supra*).